## MOORE v. STATE.    (No. 5003.)

(Court of Criminal Appeals of Texas.    April 24, 1918.    Rehearing Denied May 22, 1918.)

1. CRIMINAL LAW ⬥369 (5)—EVIDENCE—OTHER CRIMES.

In a prosecution for theft of an automobile, where defendant's participation in the theft and disposition of the car were squarely in issue, evidence of other auto thefts in which defendant's accomplice testified defendant participated was inadmissible, not serving to connect defendant with the crime, to prove his identity with it, or his intent, and not constituting any part of the res gestæ.

2. CRIMINAL LAW ⬥510½—CORROBORATION —ACCOMPLICE IN LARCENY.

That defendant, charged with theft of an automobile, was in possession of the recently stolen car in connection with his accomplice, was proper testimony to corroborate the accomplice, who was a state's witness.

3. LARCENY ⬥49—EVIDENCE OF OTHER OFFENSES—IDENTITY.

In prosecution for larceny of an automobile, other indictments and the verdict of a jury in another case were not introducible on the question of defendant's identity.

Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

George Moore was convicted of theft of an

---

automobile, and he appeals. Reversed, and cause remanded.

See, also, 203 S. W. 51.

J. A. Kibler and Shurtleff & Cummings, all of Waco, and Chas. L. Black, of Austin, for appellant. Jno. B. McNamara, Co. Atty., and D. C. Woods, Asst. Co. Atty., both of Waco, and E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of the theft of an automobile from J. P. Griffis.

The state's case was made by an accomplice named Tiller. His testimony substantially is that he and appellant got the auto in Waco, and after traveling in different parts of the state finally wound up at El Campo, in Wharton county, and sold it to G. W. Wilson. The testimony of the accomplice is positive as to the theft and the sale, and appellant's presence at the time of the taking and his co-operation and participancy in the sale at El Campo, and the money received from Wilson. Wilson identified the defendant as being at El Campo at the time, and coinciding and assisting Tiller with the car and its disposition. This, without going into the details of the case, is the case, in substance, for the state. Appellant denied the transaction in toto, both as to the taking and the sale so far as he was concerned, and denied his presence at any time or any participancy in the entire transaction from beginning to finish.

[1-3] The court over various objections permitted the introduction of evidence of other auto thefts in which Tiller testified that appellant participated. The objections are based upon the theory that independent and extraneous matters and offenses are not admissible unless they in some way are necessary to show appellant's guilt or connect him with this transaction. This is a sound proposition. Many cases can be found collated in Mr. Branch's Ann. P. C. pp. 98 and 99. Appellant collates in a very able brief a lot of these cases. There seems to be no just theory upon which these extraneous matters were admissible in this case. They in no way serve to connect defendant with this transaction, or prove his identity with this transaction, or his intent in taking this car, nor did they constitute any part of the res gestæ. They were independent offenses committed at different times and under different circumstances. It was a square-put issue under the facts of appellant's participancy in the theft and the disposition of the property. There was no issue, if he did so, of his identity, or his intent, because if he did he was guilty, and the other cases have no connection with this case, and, not serving any purpose to connect him with it or show his intent, were inadmissible. He accepted the issue, and met it by positive evidence that he had nothing to do with the taking or the disposition of the property. We suppose the fact that he was present at the sale and participated in the fruits of the crime and incidental matters connected with the sale, as shown by Wilson's testimony, was to corroborate the accomplice Tiller. Tiller was not corroborated by any direct fact as to the taking. He himself placed the taking in such manner that no one but he and appellant were present, but shortly afterward he was with Tiller under the state's theory and assisted in the disposition of the property. In other words, he was in possession of recently stolen property in connection with Tiller. This was a fact relied upon by the state to corroborate Tiller, and was proper testimony, and no objection was urged to its introduction. Appellant's objections were well taken. They were not introduced for impeachment purposes. There was testimony of other indictments, and the verdict of a jury in another case introduced, and the court signs the bill with the qualification that these were admitted upon the question of identity. For this purpose they were not introducible. It is useless to discuss this further from what has been said.

The judgment is reversed, and the cause remanded.

PRENDERGAST, J., absent.

[1] The statement of facts is wholly in question and answer form. The state has made a motion to strike it out and not consider it. Under the statutes and the many and uniform decisions of this court the state's motion must be granted. A great number of cases down to the present time could be cited, but we deem it unnecessary. We here cite some of them: Hargrave v. State, 53 Tex. Cr. R. 147, 109 S. W. 163; Essary v. State, 53 Tex. Cr. R. 596, 111 S.

---

⊂⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes